UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-910-NCC |
| ) | |
| 7 KINGS LLC d/b/a II RESTAURANT & ) | |
| HOOKAH BAR and NAKIA KING, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Presently before the Court is "Plaintiff's Motion to Dismiss Case," filed by Plaintiff Joe Hand Promotions, Inc. (ECF No. 22). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In the motion, Plaintiff states that it "hereby dismisses its cause of action with prejudice at Plaintiff's costs." (ECF No. 22). Plaintiff does not identify the procedural basis for the motion, but the Court construes the motion as a request for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The defendants have not responded to the motion, and the time for doing so has passed.

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). Rule 41(a)(2) provides, in relevant part:

> . . . an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

In this case, plaintiff seeks the dismissal of "its cause of action with prejudice at Plaintiff's costs." (ECF No. 22). The Court has reviewed the motion in light of the procedural history of this case,

and sees no basis to conclude that voluntary dismissal with prejudice would unfairly affect the defendants. Additionally, the defendants have filed no objection to the motion. The Court will therefore grant the motion, and will dismiss this action with prejudice, with costs assessed to Plaintiff, as plaintiff requests in its motion.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiff's Motion to Dismiss Case" (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE.** A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that costs are assessed to Plaintiff Joe Hand Promotions, Inc.

Dated this 20th day of April, 2022.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE